**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANJIV KAUL, et al.,

Plaintiffs-Appellants,

v.

MENTOR GRAPHICS CORPORATION,

Defendant-Appellee.

No.    16-17139

D.C. No. 5:16-CV-02496-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted March 14, 2018
Pasadena, California

Before: BERZON, BEA Circuit Judges; BERG,[**] District Judge

Plaintiffs, former minority shareholders of the corporation Calypto, bring this

diversity suit for breach of fiduciary duty against Mentor Graphics Corporation

("Mentor"), Calypto's former majority shareholder. The parties were subject to a

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Terrence G. Berg, United States District Judge for the Eastern
District of Michigan, sitting by designation.

Shareholders Agreement (SA) signed on August 30, 2011.[1] The SA contained a "call option," which allowed Mentor to purchase the minority shares at a price set by a formula. Pursuant to that formula, prior to August 31, 2015, the "call price" was 1.4 times the calculated market value of the shares.[2] However, due to Calypto's low growth rate, the formula dictated that on August 31, 2015 the price would become .75 times the value of the shares.[3] The SA also contained a "put option," which would have allowed the minority shareholders to force Mentor to buy them out at a price determined by a different, complex formula. The SA selected Delaware as the SA's governing law. Plaintiffs allege Mentor refused to consider an outside request to purchase Calypto for fair market value, and instead waited to use the call option until August 31, 2015, the moment the price formula made the shares "cheap," thus

---

[1] Along with Calypto and Mentor, Plaintiffs Cipio Partners Private Fund VI GmbH & Co KG (Cipio), Narra Venture Capital L.P., Narra Venture Capital II, L.P., and Narra Associates II Limited (together, Entity Plaintiffs), were signatories to the SA. Plaintiffs Sanjiv Kaul, Sanjiv Narayan, Nikhil Sharma, and Mark Milligan, were not signatories to the SA, but purchased their Calypto stock at a later time subject to all the rights and limitations negotiated under the SA. Plaintiff Kaul also brings his claims as the assignee of Tallwood Limited Partnerships, who were signatories to the SA.

[2] The market value of the shares was derived by a formula: the stock price of various public competitors relative to those competitors' revenue, multiplied by Calypto's trailing twelve month revenue, minus Calypto's debt.

[3] Had Calypto's growth rate remained above 20%, the call price would have continued to be 1.4 times the value of the shares.

depriving the minority shareholders of the opportunity to sell their shares at their earlier fair market value.

Plaintiffs sued Mentor in the Northern District of California for breach of fiduciary duty. Mentor moved to dismiss under Fed. R. Civ. P. 12(b)(6). Before the district court, Plaintiffs argued they stated a claim under both California law and Delaware law. The district court applied Delaware law pursuant to the choice of law clause in the SA and dismissed Plaintiffs' claim with prejudice. On appeal, Plaintiffs concede Delaware law would bar their claim. *Nemec v. Shrader*, 991 A.2d 1120 (Del. 2010). However, Plaintiffs argue the district court erred when it applied Delaware law. Plaintiffs also argue the district court erred when it refused to permit them to amend their complaint.

We review the district court's grant of Defendant's motion to dismiss de novo, *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014), and the district court's denial of leave to amend the complaint for abuse of discretion, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). We affirm.

Under California's choice of law analysis, a choice-of-law clause is effective so long as 1) the forum of the chosen law has a substantial relationship to the parties or their transaction or there is otherwise a reasonable basis for the parties' choice of law; and 2) the chosen law does not violate a fundamental California public policy.

*Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 470–71 (1992); Restatement (Second) of Conflict of Laws § 187(2).

Delaware has a substantial connection to the parties' transaction because it was the place of incorporation for Calypto, one of the contracting parties. *Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. App. 4th 1532, 1546 (1995). The choice of Delaware law also does not violate a fundamental California public policy, even though Delaware law would not allow Plaintiffs' fiduciary duty claim. *See Nedlloyd*, 3 Cal. 4th at 470–71 (concluding, in a suit by a company against the majority shareholder for breach of fiduciary duty, that the sophisticated parties' choice of Hong Kong law did not violate a fundamental California policy even though Hong Kong law did not recognize a fiduciary duty on the part of the majority shareholder to the company).

Plaintiffs cite *Neubauer v. Goldfarb*, 108 Cal. App. 4th 47, 56–57 (2003) for the proposition that a fundamental California policy would be violated by a contractual waiver of fiduciary duties. However, unlike the contract at issue in *Neubauer*, the SA does not purport to exonerate the majority shareholder completely from its fiduciary duties to the minority. Instead, the SA gave minority shareholders the right to force Mentor to purchase their shares at one price, while also giving Mentor as the majority shareholder the right to purchase the minority's shares

pursuant to the call option at a lower price after a certain date. The district court therefore did not err in granting the motion to dismiss.

The district court did not abuse its discretion when it refused to grant Plaintiffs leave to amend their complaint because amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

**AFFIRMED**